J-S09044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM EARL MURRAY, JR., | |
| Appellant | No. 1694 WDA 2014 |

Appeals from the Judgment of Sentence entered September 24, 2014,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0000611-2014

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED FEBRUARY 11, 2015**

William Earl Murray, Jr. ("Appellant") appeals from the judgment of sentence imposed after he pleaded guilty to three counts of distribution of child pornography, five counts of possession of child pornography, and one count of criminal use of a communication facility.[1]  We affirm.

The pertinent facts and procedural history may be summarized as follows:  On November 9, 2013, agents from the Pennsylvania Office of the Attorney General's Bureau of Criminal Investigations conducted an internet investigation to identify individuals involved in the sharing of child

_____

[1] 18 Pa.C.S.A. §§ 6312(c)(1) and (d)(1), and 7512(a).

pornography. Affidavit of Probable Cause, 1/14/14. The investigation led the agents to Appellant's Internet Protocol ("IP") address and a search warrant was subsequently executed at Appellant's residence. *Id*. A search of Appellant's computer yielded various files containing child pornography. Appellant was arrested and charged with the aforementioned crimes. *Id*.

At a hearing commenced on July 2, 2014 and concluded on July 4, 2014, Appellant pleaded guilty and the trial court ordered an assessment by the Sexual Offender Assessment Board in accordance with the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. § 9799.10 *et seq*.[2] On September 24, 2014, the trial court sentenced Appellant at Count 1 to a term of imprisonment of 1 - 2 years, with no further penalty imposed at the

---

[2]   The Pennsylvania General Assembly passed SORNA as Act 111 of 2011, signed December 20, 2011. In so doing, it provided for the expiration of prior registration requirements, commonly referred to as Megan's Law, 42 Pa.C.S. §§ 9791– 9799.9, as of December 20, 2012, and for the effectiveness of SORNA on the same date. The General Assembly set forth its purposes in adopting SORNA, which included bringing Pennsylvania into substantial compliance with the Adam Walsh Act and providing a mechanism for the general public and law enforcement to obtain information concerning sexual offenders. *Id*. § 9799.10. SORNA also includes legislative findings and a declaration of policy instructing that "[t]he Adam Walsh Child Protection and Safety Act of 2006 provides a mechanism for the Commonwealth to increase its regulation of sexual offenders in a manner which is nonpunitive but offers an increased measure of protection to the citizens of this Commonwealth." *Id*. § 9799.11(a)(2)…

*In re J.B.*, --- A.3d ----, 2014 WL 7369785, at 1 (Pa. 2014).

remaining counts, and ordered Appellant to lifetime registration pursuant to 42 Pa.C.S.A. § 9799.23.

Appellant presents two constitutional issues for our review:

I.      IS IT UNCONSTITUTIONAL TO REQUIRE AN APPELLANT TO REGISTER FOR A LIFETIME WHEN SAID REGISTRATION REQUIREMENT EXCEEDS THE STATUTORY MAXIMUM PENALTY FOR APPELLANT'S OFFENSE?

II.     IS THE ADAM WALSH STATUTE UNCONSTITUTIONAL IN REQUIRING AN APPELLANT TO REGISTER FOR TWENTY FIVE (25) YEARS?[3]

Appellant's Brief at 7.  Appellant's issues are interrelated.  Therefore, we discuss them together.

Appellant argues that SORNA is unconstitutional because the lifetime registration requirement exceeds the statutory maximum sentence for the crimes to which he pleaded, and because the lifetime registration requirement constitutes cruel and unusual punishment.  Appellant's Brief at 11.  Preliminarily, we note that the argument portion of Appellant's brief in which he asserts that SORNA is unconstitutional consists of less than four full pages, and does not reference the constitutional provisions upon which Appellant bases his argument.  Nor does Appellant in his brief direct this Court to the specific provisions of SORNA that he seeks to have declared unconstitutional.  It is Appellant's responsibility to develop arguments in his

_____

[3] Appellant was subject to lifetime registration requirement pursuant to 42 Pa.C.S.A. § 9799.23, and not twenty-five (25) years of registration he suggests in his statement of questions.

brief and where he has not done so we will find the claim waived. ***See Commonwealth v. Gibbs***, 981 A.2d 274, 284 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010) ("It is Appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors [and if] an appellant does not do so, we may find the argument waived."). Thus, we find that based upon Appellant's failure to sufficiently develop his constitutional argument, the claim is waived.

Futhermore, even if Appellant had not waived his constitutional claims, they are devoid of merit. With regard to Appellant's claim that the lifetime registration requirement constitutes excessive punishment and is unconstitutional because it exceeds the statutory maximum sentence, our Courts have found such claims unavailing. Our Supreme Court has repeatedly held, under the now-expired provisions of Megan's Law, that lifetime registration requirements are not punitive but remedial in nature, and "[b]ecause we do not view the registration requirements as punitive but, rather, remedial, we do not perceive mandating compliance by offenders who have served their maximum term to be improper." ***Commonwealth v. Gaffney***, 733 A.2d 616, 622 (Pa. 1999) and ***Commonwealth v. Williams***, 832 A.2d 962 (Pa. 2003). ***See also Commonwealth v. Benner***, 853 A.2d 1068 (Pa. Super. 2004).

In reliance on **Gaffney**, **Williams** and **Benner**, this Court in **Commonwealth v. McDonough**, 96 A.3d 1067, 1070-1710 (Pa. Super. 2014) recently explained that "[w]hile **Gaffney** and **Benner** were decided prior to the effective date of SORNA, the same principles behind the registration requirements for sexual offenders under Megan's Law apply to those subject to SORNA. Namely, to effectuate, through remedial legislation, the non-punitive goal of public safety." Accordingly, because SORNA is a non-punitive remedial scheme, and not a punishment, we concluded in **McDonough** that the appellant's claims – that his registration requirements constituted excessive punishment, and that SORNA was unconstitutional for requiring an individual to register for many years longer than the maximum penalty – failed. **Id**.

In the present case, Appellant advances arguments identical to those raised in **McDonough**, in which we declined to find SORNA unconstitutional. Although **McDonough** pertained to a 15-year registration requirement, the rationale in **McDonough** is equally applicable to the lifetime registration requirement at issue in the present case. Consonant with **McDonough**, Appellant's constitutional claims fail.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2015